**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ronnie Howell Lynch,<br><br>    Petitioner,<br><br>vs.<br><br>Dora B. Schriro, et al.,<br><br>    Respondents. | No.   CIV 05-2436-PHX-DGC (DKD)<br><br>**ORDER** |

    Pending before the Court are Petitioner's Motion Requesting Exhibits (Doc. #16) and Motion for Extension of Time and Representation (Doc. #18). Petitioner filed his Petition for Writ of Habeas Corpus on August 12, 2005 (Doc. #1) and on November 21, 2005, Respondents' filed their Response along with numerous exhibits (Doc. #15). In his Motion Requesting Exhibits, Petitioner states that he did not receive exhibits L-O. On November 30, 2005, Respondents provided Petitioner with a complete copy of all exhibits attached to their November 21 Response (Doc. #17). Therefore, Petitioner's request for exhibits will be denied as moot.

    In Petitioner's Motion for Extension of Time and Representation, Petitioner requests additional time to submit his response to Respondents' Response. Upon good cause shown, Petitioner's request will be granted. Petitioner further requests that this Court appoint him a "lawyer in order to respond properly." Indigent state prisoners applying for habeas corpus relief are not entitled to appointed counsel unless the circumstances indicate that appointed counsel is necessary to prevent due process violations. *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir.

1986), *cert. denied*, 481 U.S. 1023 (1987); *Kreiling v. Field*, 431 F.2d 638, 640 (9th Cir. 1970) (per curiam); *Eskridge v. Rhay*, 345 F.2d 778, 782 (9th Cir. 1965), *cert. denied*, 382 U.S. 996 (1966). The Court has discretion to appoint counsel when a judge "determines that the interests of justice so require." *Terrovona v. Kincheloe*, 912 F.2d 1176, 1181 (9th Cir. 1990), *cert. denied*, 499 U.S. 979 (1991) (quoting 18 U.S.C. § 3006A(a)(2)(B)). "In deciding whether to appoint counsel in a habeas proceeding, the district court must evaluate the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983). Petitioner has not shown that he is more likely to succeed on the merits of his claims than any other habeas petitioner before this Court, nor has he shown that his claims are complex. Therefore, the request to appoint an attorney will be denied.

**IT IS THEREFORE ORDERED** denying Petitioner's Motion Requesting Exhibits (Doc. #16), as moot.

**IT IS FURTHER ORDERED** granting Petitioner's Motion for Extension of Time (Doc. #18). Petitioner shall have up to and including January 13, 2006, to submit his response.

**IT IS FURTHER ORDERED** denying Petitioner's Request for Representation (Doc. #18).

DATED this 14th day of December, 2005.

David K. Duncan
United States Magistrate Judge