IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ronnie Howell Lynch,<br><br>　　　　Petitioner,<br><br>vs.<br><br>Dora B. Schriro; Arizona Attorney General,<br><br>　　　　Respondents. | No. CIV 05-2436-PHX-DGC (DKD)<br><br>**REPORT AND RECOMMENDATION** |

TO THE HONORABLE DAVID G. CAMPBELL, U.S. DISTRICT JUDGE:

　　Ronnie Howell Lynch filed a timely petition for writ of habeas corpus on August 12, 2005. He challenges his convictions for two counts of sexual conduct with a minor, and one count each of sexual abuse, kidnaping, aggravated assault, transfer of marijuana to a minor, and possession of marijuana on or near schools. He raises four grounds for habeas relief: (1) the trial court violated his constitutional rights by not disclosing its ruling on the admissibility of the DNA evidence prior to trial; (2) the trial court impaneled biased jurors in violation of his constitutional rights; (3) the trial court violated his constitutional rights in imposing consecutive sentences; and (4) the trial court improperly denied Lynch's motions for new counsel, and to proceed *pro se*. Respondents contend that Lynch's grounds are either not properly exhausted, procedurally barred, or without merit. For the reasons stated below, the Court recommends that Lynch's petition be denied and dismissed with prejudice.

**BACKGROUND**

The facts surrounding Lynch's convictions are summarized in the court of appeals' memorandum decision:

> Twelve-year-old A.S. lived with her mother and brother in a Phoenix apartment complex. Lynch also lived in the complex with his wife and three sons. During the summer of 1998, A.S. became acquainted with Lynch under his alias, Dominique Willis.
>
> On August 11, 1998, A.S.'s brother told her that Lynch would be coming by the apartment with marijuana, and he told A.S. to get it for him. Lynch showed up that evening, and A.S. went out on the front porch to get the marijuana so that her mother, who was inside on the couch, would not find out. Lynch would not give the marijuana to A.S. on the porch, and told her to go with him. The two went across the street to a school, and A.S. jumped the gate to get into the school because she wanted to get a drink from the water fountain.
>
> Lynch pushed A.S. around the corner of a school building and gave her a bag containing marijuana for her brother. He also tried to give her sixty dollars, but she refused to take it. Lynch then told A.S. that he would break her neck if she "didn't give it to him," and forced A.S. to have sexual intercourse with him. He penetrated her with his fingers and his penis, and touched her breasts with his hands and mouth. A.S. did not struggle with Lynch because she believed he would break her neck. Afterward, Lynch warned A.S. not to tell anyone about the incident and again threatened to break her neck if she did. A.S. went home and gave the marijuana to her brother, but said nothing about the assault.
>
> Later that evening, Lynch bragged about having sex with A.S. to one of her brother's friends. The friend told A.S.'s brother what had happened, and then A.S.'s brother told their mother. The police were called, and they found Lynch hiding under some blankets in the bedroom of his apartment. A.S. was taken to a Phoenix-area hospital for a rape examination.

(Doc. #15, Exh J at 2-3).

On appeal, counsel filed a brief in compliance with *Anders v. California*, 386 U.S. 738 (1967) (*Id.*, Exh H); the trial court granted Lynch leave to file a pro se supplemental brief. In his supplemental brief, Lynch raised the following issues:

1. The defendant was denied due process and his right to a fair trial when the trial court failed to rule on the *Frye* [1] hearing;

---

[1] *Frye v. United States*, 293 F. 1013 (D.C. Cir. 1923).

- 2 -

1        2.     The trial court's refusal to appoint new counsel violated the defendant's right
2 of representation;

3        3.     Defendant's constitutional right to a fair and impartial jury was violated;

4        4.     There was insufficient evidence for a finding of guilt beyond a reasonable
5 doubt in Counts 3 and 7 of the indictment;

6        5.     The trial court committed fundamental error when it failed to instruct the jury
7 on the meaning of the terms "possess" and "possessed" as used in Counts 3 and 7 and
8 "useable quantity" in Count 7;

9        6.     The defendant's right to a jury trial on each element of an offense was violated
10 when there was no finding beyond a reasonable doubt that the victim was under 15 years of
11 age, in Counts 1, 2, 3, 4, and 5 of the indictment;

12        7.     The trial court violated A.R.S. § 13-116 when it ordered Counts 1, 2, and 5 to
13 be served consecutive to Count 4;

14        8.     The trial court violated A.R.S. § 13-116 by ordering Count 2 to be served
15 consecutive to Count 5;

16        9.     The defendant was denied "effective" assistance of trial counsel; and

17        10.     The defendant was denied "effective" assistance of appellate counsel on direct
18 appeal.

19 (*Id.*, Exh I at 1-18).

20      The court of appeals affirmed Lynch's convictions and sentences (*Id.*, Exh J); he
21 petitioned the supreme court for review, adding an additional claim that the trial court should
22 have granted his motion to represent himself (*Id.*, Exh K). Following the supreme court's
23 denial of review, Lynch filed a petition for post-conviction relief, which was dismissed, and
24 his petition for review was denied by both the court of appeals and supreme court (*Id.*, Exh
25 L; Exh A at 130, 162; Exh B at 163; Exh M; Doc. #1 at 2).

26

27

28

## EXHAUSTION OF STATE COURT REMEDIES

A state prisoner must exhaust his state remedies before petitioning for a writ of habeas corpus in federal court. 28 U.S.C. § 2254(b)(1) & (c); *Duncan v. Henry*, 513 U.S. 364, 365-66 (1995); *McQueary v. Blodgett*, 924 F.2d 829, 833 (9th Cir. 1991). To properly exhaust state remedies, a petitioner must fairly present his claims to the state's highest court in a procedurally appropriate manner. *O'Sullivan v. Boerckel*, 526 U.S. 838, 839-846 (1999). In Arizona, a petitioner must fairly present his claims to the Arizona Court of Appeals by properly pursuing them through the state's direct appeal process or through appropriate post-conviction relief. *Swoopes v. Sublett*, 196 F.3d 1008, 1010 (9th Cir. 1999); *Roettgen v. Copeland*, 33 F.3d 36, 38 (9th Cir. 1994). A claim has been fairly presented if the petitioner has described both the operative facts and the federal legal theory on which the claim is based. *Bland v. Cal. Dep't of Corrections*, 20 F.3d 1469, 1472-73 (9th Cir.1994), *overruled on other grounds by Schell v. Witek*, 218 F.3d 1017, 1025 (9th Cir. 2000) (en banc); *Tamalini v. Stewart*, 249 F.3d 895, 898-99 (9th Cir. 2001). The exhaustion requirement will not be met where the Petitioner fails to fairly present his claims. *Roettgen*, 33 F.3d at 38.

If a petition contains claims that were never fairly presented in state court, the federal court must determine whether state remedies remain available to the petitioner. *See Rose v. Lundy*, 455 U.S. 509, 519-20 (1982); *Harris v. Reed*, 489 U.S. 255, 268-270 (1989) (O'Connor, J., concurring). If remedies are available in state court, then the federal court may dismiss the petition without prejudice pending the exhaustion of state remedies. *Id.* However, if the court finds that the petitioner would have no state remedy were he to return to the state court, then his claims are considered procedurally defaulted. *Teague v. Lane*, 489 U.S. 288, 298-99 (1989); *White v. Lewis*, 874 F.2d 599, 602-605 (9th Cir. 1989). The federal court may decline to consider these claims unless the petitioner can demonstrate that a miscarriage of justice would result, or establish cause for his noncompliance and actual prejudice. *See Schlup v. Delo*, 513 U.S. 298, 321 (1995); *Coleman v. Thompson*, 501 U.S.

722, 750-51 (1991); *Murray v. Carrier*, 477 U.S. 478, 495-96 (1986); *Wainwright v. Sykes*, 433 U.S. 72, 86 (1977); *United States v. Frady*, 456 U.S. 152, 167-68 (1982).

Further, a procedural default may occur when a Petitioner raises a claim in state court, but the state court finds the claim to be defaulted on procedural grounds. *Coleman*, 501 U.S. at 730-31. In such cases, federal habeas review is precluded if the state court opinion contains a plain statement clearly and expressly relying on a procedural ground "that is both 'independent' of the merits of the federal claim and an 'adequate' basis for the court's decision." *See Harris*, 489 U.S. at 260. A state procedural default ruling is "independent" unless application of the bar depends on an antecedent ruling on the merits of the federal claim. *See Ake v. Oklahoma*, 470 U.S. 68, 74-75 (1985); *Stewart v. Smith*, 536 U.S. 856 (2002). A state's application of the bar is "adequate" if it is "'strictly or regularly followed.'" *Johnson v. Mississippi*, 486 U.S. 578, 587 (1988) (quoting *Hathorn v. Lovorn*, 457 U.S. 255, 262-63 (1982)). In cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, just as in cases involving defaulted claims that were not fairly presented, federal habeas review of the claims is barred unless the prisoner can demonstrate a miscarriage of justice or cause and actual prejudice to excuse the default. *See Coleman*, 501 U.S. at 750-51.

## DISCUSSION

In his first ground, Lynch contends that his due process rights were violated when the trial court failed to rule on Lynch's challenge to the admissibility of DNA evidence on the ground that short tandem repeat analysis (STR) was not generally accepted in the scientific community. Respondents contend that Lynch did not properly exhaust this claim because he did not cite specific constitutional provisions or Supreme Court precedent in his supplemental brief on appeal in state court. As further evidence, Respondents cite the portion of the court of appeals memorandum decision on this issue, where the court rejects Lynch's argument, reasoning as follows:

> Lynch has misread the record on this issue. The trial court referred the questions surrounding the STR test to Judge Ronald S. Reinstein, who conducted a *Frye* hearing before Lynch's trial. Judge Reinstein ruled that the STR method of DNA testing is universally accepted in the relevant scientific community and that the results of such tests are admissible as evidence. Although he did not file a written minute entry until later, Judge Reinstein informed the trial court and counsel of his ruling before the trial began. Therefore, the trial court did not err in admitting the STR test results.

(Doc. #15, Exh J at 5).

This is confirmed by the trial court's minute entry and defense counsel's avowal at the pretrial status conference (*Id.*, Exh B, O). Respondents conclude that the only claim Lynch has properly exhausted is "that the state court misapplied its own evidentiary law-a claim that falls outside of the realm of habeas review," citing *Estelle v. McGuire*, 502 U.S. 67-68 (1991). *See* Doc. 15 at 17. The Court agrees.

In his second ground, Lynch maintains that the trial court impaneled biased jurors in violation of his due process rights. He cites as support the statements of several prospective jurors that anyone who uses or sells drugs has no credibility, that police officers are always credible and not defendants, and their open belief that they would find defendant guilty. *See* Doc. #1 at 6. His argument before the court of appeals differed: that he was denied his constitutional right to a fair and impartial jury because three specific *empaneled* jurors should have been removed for cause, citing Ariz. R. Crim. P. 18.5(f). The court of appeals, in turn, applied state law in analyzing the argument:

> Lynch next claims that the trial court violated his right to a fair and impartial jury by allowing three biased jurors to participate in deciding his case. One juror indicated during *voir dire* that he had an emotional reaction that Lynch must be guilty simply on hearing the charges and, at that point in the proceedings, would vote guilty. A second juror said that he might give more credence to evidence supporting Lynch's guilt. The third juror had been a witness in quasi-criminal and non-criminal jury proceedings. Lynch apparently believes that this last juror should have been excused simply because he had testified for the government.
>
> A criminal defendant is entitled to a trial by a jury free from bias. *See State v. Doerr*, 193 Ariz. 56, 61, ¶ 18, 969 P.2d 1168, 1173 (1998). Accordingly, the trial court must excuse a juror from serving in a case if "there is some reasonable ground to believe that a juror cannot render a fair and impartial verdict." Ariz. R. Crim. P. 18.4(b). But the trial court is in a better position than this court to determine juror bias. *See State v. Walden*, 183 Ariz.

> 595, 609, 905 P.2d 974, 988 (1995). Thus, we review the trial court's refusal to strike a juror for cause for a clear abuse of discretion. *See State v. Schackart*, 153 Ariz. 422, 423, 737 P.2d 398, 399 (App. 1987).
>
> Each of these three jurors did initially respond to questions either from the trial court or from counsel in a way that alerted the court to a potential for bias. But, the trial court questioned the individuals further and they demonstrated to the court's satisfaction that they could be fair and impartial and would decide the case on the evidence and the law. The trial court did not abuse its discretion in keeping these people on the jury.

(Doc. #15, Exh J at 15-17).

The Court has reviewed the voir dire proceedings. None of the prospective jurors who stated that they would find someone who used drugs less credible was selected as a juror. As to the question about the credibility of police officers, the two prospective jurors with law enforcement experience were not selected, and the remaining prospective jurors did not raise their hands when asked if they believed a police officer to be more credible than another witness who viewed the same incident. Finally, as to those who initially raised their hand when asked if they believed the defendant was guilty, when asked a follow-up question, none indicated that they would not follow the court's instructions.[2] In any event, a state court's finding regarding the impartiality of a juror is entitled to a presumption of correctness, rebuttable only upon a showing of clear and convincing evidence. *See* 28 U.S.C. § 2254(e)(1); *Patton v. Yount*, 467 U.S. 1025, 1036-1038 (1984). Lynch has failed to make such a showing.

In his third claim, he alleges the trial court violated his due process rights by sentencing him to consecutive terms, citing A.R.S. § 13-116. However, in both his supplemental brief on appeal and in his petition for review to the court of appeals, he relied solely on § 13-116, and not any claim of a violation of his constitutional rights. The Court

---

[2]The trial court asked: "Now, those people who have raised their hand and indicated you believe the defendant's guilty, let me ask the question again. If you're on the jury and you take an oath to follow the law and I instruct you on the law as I've described and the State fails to prove a charge beyond a reasonable doubt, is there anyone who could not follow those instructions and find the defendant not guilty?" (Doc. #15, Exh C at 149).

- 7 -

of appeals in turn decided the issue as a matter of state law, citing § 13-116, *State v. Gordon*, 161 Ariz. 315 (1989), and other pertinent Arizona criminal statutes.[3]  Apart from the exhaustion obstacle, Lynch's challenge to his sentences involves a matter of state law, not the province of federal habeas review. *See Souch v. Schiavo*, 289 F.3d 622-23 (9th Cir. 2002).

In Lynch's fourth claim, he asserts that (1) the trial court should have granted his pretrial motions to substitute counsel based upon an irreconcilable conflict, and (2) the trial court improperly denied his motion to represent himself on the first day of trial.  The Court agrees with Respondents' contention that the latter claim was not fairly presented to the state court, and that, in any event, neither claim has merit.

As to the first claim, the court of appeals decided:

> Lynch next claims that the trial court violated his right to representation because it refused to appoint new counsel. Lynch complained to the trial court several times that his relationship with his appointed counsel had deteriorated and asked the court to appoint someone else to represent him. He said that his representation by his appointed counsel did not meet the minimum acceptable standards for a criminal defense, and as examples pointed to his counsel's failure to challenge "the voluntariness of statements, the legality of searches or suggestiveness of identification." Lynch's counsel also asked for permission to withdraw because an irreconcilable difference made Lynch's representation extremely difficult. The trial court denied each request.
>
> Although "a criminal defendant is entitled to a defense that is 'his,'...counsel is clearly not the 'alter-ego' or 'mouthpiece' of the accused." *State v. Lee*, 142 Ariz. 210, 217, 698 P.2d 153, 160 (1984) (citing *Faretta v. California*, 422 U.S. 806 (1975)). The defendant retains the right to make ultimate decisions about "whether to plead guilty, whether to waive jury trial, and whether to testify," but counsel has the responsibility for trial strategy. *Id.* at 215, 689 P.2d at 158. Lynch's objections to his lawyer's decisions regarding whether to challenge admission of certain evidence amounts to complaints about trial strategy. Therefore, the trial court did not abuse its discretion in denying Lynch's demand for new counsel in this regard.
>
> Nor did the trial court err in refusing to appoint new counsel because of an irreconcilable difference. A criminal defendant has a constitutional right to competent representation. *See* U.S. Const. amend. VI; Ariz. Const. art. 2, § 24. "A defendant is not, however, entitled to counsel of choice, or to a meaningful relationship with his or her attorney." *See State v. Moody*, 192 Ariz. 505, 507, ¶ 11, 968 P.2d 578, 580 (1998). In considering a request for

---

[3]The court of appeals also determined that such consecutive sentences were not only available, but *mandatory* because of Lynch's convictions for dangerous crimes against children, citing A.R.S. § 13-604.01(K).

- 8 -

> new counsel, the court must "balance the rights and interests of a defendant with judicial economy." *Id*. Thus, the court must consider
>
>> whether an irreconcilable conflict exists between counsel and the accused, and whether new counsel would be confronted with the same conflict; the timing of the motion; inconvenience to witnesses; the time period already elapsed between the alleged offense and trial; the proclivity of the defendant to change counsel; and quality of counsel.
>
> *Id*. (quoting *State v. LaGrand*, 152 Ariz. 483, 486-87, 733 F.2d 1066, 1069-70 (1987)). We review the trial court's decision for a clear abuse of discretion. *See id.*
>
> The record shows that Lynch was an obstreperous defendant, feigning ignorance when it suited him, selectively answering the court's questions, and refusing to cooperate with his counsel and the court. We find no reason to believe that new counsel would not have had similar "irreconcilable differences" with him. In addition, Lynch first requested new counsel almost seven months after the trial court appointed the public defender to represent him and only one month before his trial was scheduled to begin. Although his trial was later continued several times on other grounds, Lynch's other requests for new counsel and his lawyer's motion for permission to withdraw came sufficiently late that, when balanced against the need for the orderly administration of justice, we cannot say that the trial court abused its discretion in denying these requests.

(Doc. #15, Exh J at 6-8).

The Sixth Amendment requires that a criminal defendant be provided with competent counsel. *See Caplin v. Drysdale, Chartered v. United States*, 491 U.S. 617 (1989); *United States v. Holloway*, 259 F.3d 1119, 1201 (9th Cir. 2001). It does not entitle a defendant to a meaningful relationship with appointed counsel, nor does it require that counsel like or trust his client. *Holloway*, 259 F.3d at 1201; *United States v. Hernandez*, 333 F.3d 1168, 1175 (9th Cir. 2003). A disagreement over legal strategy is not a sufficient conflict to warrant substitution of counsel. *United States v. McKenna*, 327 F.3d 830, 844 (9th Cir. 2003). Finally, when a defendant's own behavior creates the conflict, substitution is not warranted. *United States v. Roston*, 986 F.3d 1287, 1292 (9th Cir. 1993). A review of the record indicates that the trial court properly denied Lynch's request, and the court of appeals appropriately affirmed that decision, acknowledging that (1) trial strategy cannot form a basis for substitution of counsel; (2) a defendant is not entitled to a counsel of choice; (3) Lynch's

1 own behavior as a "obstreperous defendant" created the conflict; and (4) his request was
2 untimely.

3 Lynch also contends the trial court erred in denying his request to represent himself
4 at trial. Lynch made the request for the first time the morning of the first day of trial.
5 Following a thorough questioning of Lynch, the trial court stated:

> THE COURT: Well, based on what I've heard up to this point I'm very concerned that you don't have any idea or understanding of the rudiments of representing yourself. I suspect that you're feigning ignorance based on the Rule 11 prescreen evaluation which concluded you were malingering, based on my observations of how you've carried on in the courtroom where you've selectively answered some questions and feigned ignorance on others.

(Doc. #15, Exh C at 12-13).

After further questioning of Lynch, and taking the matter under advisement, along with Lynch's request for a continuance, the trial court denied his request for a continuance and further ruled as follows :

> THE COURT: The Court is also of the opinion, based on upon your comments, that you're not able to waive your right to counsel and represent yourself. You don't understand the charges. You have a history of mental illness. You cannot read and you cannot write.
>
> The Court also finds that your request for self-representation, if it was a request by a person who was able to represent himself, is untimely. We have the jury waiting in the jury assembly room. This trial date has been set for a substantial period of time. The Court believes that your request for self-representation is merely a tactic to delay the trial.

(*Id.* at 38).

Lynch failed to include this claim in his petition for review to the court of appeals; his inclusion of the claim in his petition for review to the supreme court does not constitute fair presentation. *See Castille v. Peoples*, 489 U.S. 346, 351-52 (1989). In any event, the trial court correctly denied Lynch's request. The trial court's finding that the request, made for the first time on the first day of trial, was untimely, does not conflict with clearly established Supreme Court precedent. *See Faretta v. California*, 422 U.S. 806 (1975) (a request made "weeks before trial" is timely). *See also Marshall v. Taylor*, 395 F.3d 1058, 1061 (9th Cir. 2005) (request made on the morning of trial is untimely). In addition, his finding that

- 10 -

1  Lynch's self-representation motion was made for the purpose of delaying his trial is entitled
2  to a presumption of correctness, rebuttable upon a showing of clear and convincing evidence.
3  See 28 U.S.C. § 2254(e)(1).  Lynch had made no such showing.[4]

4  **IT IS THEREFORE RECOMMENDED** that Ronnie Lynch's petition for writ of
5  habeas corpus be **DENIED** and **DISMISSED WITH PREJUDICE** (Doc. #1).

6  This recommendation is not an order that is immediately appealable to the Ninth
7  Circuit Court of Appeals.  Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of
8  Appellate Procedure, should not be filed until entry of the district court's judgment.  The
9  parties shall have ten days from the date of service of a copy of this recommendation within
10 which to file specific written objections with the Court.  *See,* 28 U.S.C. § 636(b)(1); Rules
11 72, 6(a), 6(e), Federal Rules of Civil Procedure.  Thereafter, the parties have ten days within
12 which to file a response to the objections.  Failure timely to file objections to the Magistrate
13 Judge's Report and Recommendation may result in the acceptance of the Report and
14 Recommendation by the district court without further review.  *See United States v. Reyna-*
15 *Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).  Failure timely to file objections to any factual
16 determinations of the Magistrate Judge will be considered a waiver of a party's right to
17 appellate review of the findings of fact in an order or judgment entered pursuant to the
18 Magistrate Judge's recommendation.  *See* Rule 72, Federal Rules of Civil Procedure.

19 DATED this 14th day of February, 2007.

David K. Duncan
United States Magistrate Judge

---

[4]Respondents contend that the trial court's reasoning that Lynch lacked the capacity to represent himself because of illiteracy and mental health issues is contrary to clearly established Federal law, citing *Godinez v. Moran*, 509 U.S. 389, 400 (1993).  However, because he also expressed in the alternative other permissible grounds for denying the request (untimeliness and as a tactic to delay the trial), his decision can be upheld, separate from its reasoning.  *See Williams v. Warden*, 422 F.3d 1006, 1010 (9th Cir. 2005).

- 11 -