**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ronnie Howell Lynch, | No. CIV 05-2436-PHX-DGC (DKD) |
| Petitioner, | **ORDER** |
| vs. | |
| Dora B. Schriro; Arizona Attorney General, | |
| Respondents. | |

Pending before the Court are Petitioner Ronnie Lynch's *pro se* petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 and United States Magistrate Judge David K. Duncan's Report and Recommendation ("R&R"). Dkt. ##1, 21. The R&R recommends that the Court deny the petition. Dkt. #21 at 11. Petitioner has filed an objection to the R&R. Dkt. #22. For the reasons set forth below, the Court will accept the R&R and deny the petition.

**I.    Background.**

Petitioner, a state prisoner proceeding *pro se*, was convicted in Maricopa County Superior Court on two counts of sexual conduct with a minor and one count each of sexual abuse, kidnapping, aggravated assault, transfer of marijuana to a minor, and possession of marijuana on or near school grounds. On November 24, 1999, Petitioner was sentenced to consecutive prison terms totaling 89 years. Dkt. #15-20 at 30.

Petitioner filed the instant petition on August 12, 2005. Dkt. #1. The petition asserts that (1) the trial court violated his constitutional rights by not disclosing its ruling on the

admissibility of the DNA evidence prior to trial, (2) the trial court empaneled biased jurors in violation of his constitutional rights, (3) the trial court violated his constitutional rights by imposing consecutive sentences, and (4) the trial court improperly denied Petitioner's motions for (a) new counsel and (b) to proceed *pro se*. Respondents filed an answer on November 21, 2005, arguing that claims 1-3 and 4(b) were procedurally defaulted and that all claims lacked merit. Dkt. #15.

## II.   Legal Standard.

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), "a determination of a factual issue made by [the state court] shall be presumed to be correct" and Petitioner "shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); *see Bruce v. Terhune*, 376 F.3d 950, 957 (9th Cir. 2004) ("If confronted by a record that supports conflicting inferences, federal habeas courts 'must presume – even if it does not affirmatively appear in the record – that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution.'"). The Court may not grant habeas relief under the AEDPA unless it concludes that the state court's "adjudication of the claim – (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established [f]ederal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the [s]tate court proceeding." 28 U.S.C. § 2254(d)(1)-(2); *see Clark v. Murphy*, 331 F.3d 1062, 1067 (9th Cir. 2003).

Nor may the Court grant habeas relief unless Petitioner has exhausted his claim in state court. 28 U.S.C. § 2254(b)(1)(A); *see O'Sullivan v. Boerckel*, 526 U.S. 838, 839 (1999). To exhaust state remedies properly, a petitioner must fairly present his claims to the state's highest court in a procedurally appropriate manner. *O'Sullivan*, 526 U.S. at 839-46. A claim has been fairly presented if the petitioner has described both the operative facts and the federal legal theory on which the claim is based during the direct appeal or through a petition for post-conviction relief. *Tamalini v. Stewart*, 249 F.3d 895, 898-99 (9th Cir.

1  2001)*; Bland v. Cal Dep't of Corrections*, 20 F.3d 1469, 1472-73 (9th Cir. 1994), *overruled
2  on other grounds by Schell v. Witek*, 218 F.3d 1017, 1025 (9th Cir. 2000) (en banc).  The
3  exhaustion requirement is not met when the petitioner fails to fairly present his claims.
4  *Roettgen v. Copeland*, 33 F.3d 36, 38 (9th Cir. 1994).

5  **III.    Petitioner's First Claim for Relief: Due Process Violation.**

6  　　　　To satisfy the AEDPA's exhaustion requirement, Petitioner was required to afford the
7  state courts an opportunity to rule on his federal due process claim by fairly presenting that
8  claim in his state filings.  Dkt. #21 at 4 (citing *O'Sullivan*, 526 U.S. at 839-46).  Petitioner
9  fairly presented the claim only if he alerted the state courts that the claim rested on the United
10 States Constitution.  *Fields v. Waddington*, 401 F.3d 1018, 1020-21 (9th Cir. 2005).  To alert
11 the state courts, Petitioner had to reference the appropriate provision of the United States
12 Constitution within the "four corners" of his appellate briefing.  *Id.*; *see Castillo v.
13 McFadden*, 399 F.3d 993, 1003 (9th Cir. 2005).

14 　　　　Petitioner objects to the R&R's discussion of exhaustion and procedural default by
15 stating that the Court should not "hold the pleadings and petitions of this [pro se] petitioner
16 to a standard [of] highly trained legal professionals" because Petitioner has limited legal
17 resources at his disposal.  Dkt. #22 at 5.  Petitioner contends that mentioning the phrases "due
18 process" and "right to fair trial" when arguing that the state failed properly to rule on his
19 *Frye* motion sufficiently presented federal due process claims under the Fifth and Fourteenth
20 Amendments.  *Id.* at 4-6; Dkt. #15-21 at 3.

21 　　　　Although pleadings are construed liberally in their favor, "[p]ro se litigants must
22 follow the same rules of procedure that govern other litigants." *King v. Atiyeh*, 814 F.2d 565,
23 567 (9th Cir. 1986); *see also Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995).  Such general
24 and conclusory references to "due process" and "right to fair trial" do not suffice to exhaust
25 a federal claim.  *See Castillo*, 399 F.3d at 1000-01 ("[Not] until the penultimate sentence[]
26 did Castillo even refer to the U.S. Constitution.  Finally, at the end of his argument, Castillo
27 claimed that . . . '[he] was denied a fair trial in violation of the United States and Arizona
28 Constitutions.'  That general appeal to a 'fair trial' right . . . failed to exhaust Castillo's claim.

- 3 -

1   It did not reference, as we require, any specific provision of the U.S. Constitution on which
2   he rested his claim.") (citing *Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999); *Lyons*
3   *v. Crawford*, 232 F.3d 666, 670 (9th Cir. 2000)); *Fields*, 401 F.3d at 1021 ("Petitioner's
4   briefing to the state court mentioned the 'federal Constitution' twice, and 'due process' once,
5   but discussed an applicable provision of the state constitution throughout the remainder of
6   the argument.  Petitioner's mere mention of the federal Constitution as a whole . . . does not
7   suffice to exhaust the federal claim. . . .  Nor is a federal claim exhausted by a petitioner's
8   mention, in passing, of a broad constitutional concept, such as due process.") (citing *Castillo*,
9   399 F.3d at 1002; *Hiivala*, 195 F.3d at 1106); *Rose v. Palmateer*, 395 F.3d 1108, 111 (9th
10  Cir. 2005) ("[P]etitioners must plead their claims with considerable specificity before the
11  state courts in order to satisfy the exhaustion requirement . . . . In addition to requiring
12  specificity in pleading the federal nature of a claim, we also require a petitioner to articulate
13  the substance of an alleged violation with some particularity."); *Galvan v. Alaska Dep't of*
14  *Corr.*, 397 F.3d 1198, 1204 (9th Cir. 2005) ("Briefing a case is not like writing a poem,
15  where the message may be conveyed entirely through allusions and connotations. . . . If a
16  party wants a state court to decide whether she was deprived of a federal constitutional right,
17  she has to say so. . . . If she does not say so, she does not 'fairly present' the federal claim
18  to the state court.").
19        The magistrate judge ruled that Petitioner failed to alert the state courts of the federal
20  nature of his due process claim when Petitioner's sole argument was that the state court
21  misapplied its own evidentiary law.  Dkt. #21 at 6.  Even though Petitioner's resources are
22  limited, the Court will not construe Petitioner's pleadings to include federal constitutional
23  claims Petitioner did not make, especially when Petitioner cited the Sixth Amendment and
24  Supreme Court cases to support other arguments in the same supplemental brief.  *See*
25  *Baldwin v. Reese*, 541 U.S. 27, 33 (2004) (holding that a petition fails to fairly present a
26  claim if it "provides no citation of any case that might have alerted the court to the alleged
27  federal nature of the claim" and if it "refers to provisions of the Federal Constitution in
28  respect to *other* claims but not in respect to this one").

The Court will accept the R&R's conclusion that Petitioner's first claim for relief should be denied as procedurally defaulted because Petitioner did not exhaust the claim in state courts. Dkt. #21 at 6; *see Castillo*, 399 F.3d at 1003 ("Castillo did not fairly present his federal due process claim to the Arizona Court of Appeals. Thus, he failed to exhaust that claim. . . . Accordingly, we . . . affirm the District Court's dismissal of his petition."); *Casey v. Moore*, 386 F.3d 896, 915 (9th Cir. 2004) (affirming dismissal of the petition because "Casey's federal claims were not fairly presented to the state court of appeals").

### IV.    Petitioner's Second Claim for Relief: Constitutional Right to Impartial Jury.

Petitioner's petition and traverse claimed that he was denied his constitutional right to an impartial jury when the trial court allegedly empaneled biased jurors. Dkt. #1 at 6; Dkt. #20 at 9. After reviewing the trial court *voir dire* proceedings, the magistrate judge determined that the "state court's finding regarding the impartiality of a juror is entitled to a presumption of correctness, rebuttable only upon a showing of clear and convincing evidence. . . . Lynch has failed to make such a showing." Dkt. #21 at 7 (citing 28 U.S.C. § 2254(e)(1) and *Patton v. Yount*, 467 U.S. 1025, 1036-38 (1984)). Petitioner's objection simply reiterates the claim raised in his petition and traverse that he was denied an impartial jury because jurors "exhibited clear and prevailing prejudices." Dkt. #22 at 7. Petitioner does not respond to the well-founded conclusions of Judge Duncan or offer clear and convincing evidence to rebut the presumption of correctness that attaches to the trial court's factual decisions regarding juror bias. The Court finds Petitioner's generalized objections ineffective. *See Tindall v. Schriro*, No. CV-06-0383-PHX-DGC (JI), 2006 WL 2361721, at *2 (D. Ariz. June 5, 2006) (holding a Petitioner's objections ineffective when Petitioner merely reiterated objections already addressed by the detailed R&R and when his objections failed to offer new arguments and were devoid of supporting authority); *Sullivan v. Schriro*, No. CV-04-1517-PHX-DGC, 2006 WL 1516005, at *1-2 (D. Ariz. May 30, 2006) (holding that the petitioner's general objections were ineffective and thus relieved the court of any obligation to review the R&R). The Court will accept the R&R's conclusion that Petitioner failed to make a showing that the trial court empaneled biased jurors.

**V.    Petitioner's Third Claim for Relief: Fifth Amendment Violation of Due Process.**

Petitioner's third claim alleges that the trial court violated his due process rights by sentencing him to consecutive terms, citing A.R.S. § 13-116. Dkt. #1 at 7. The R&R concluded that review of this claim was barred for two reasons. First, by relying solely on § 13-116 in both his supplemental brief on appeal and his petition for review to the court of appeals, Petitioner procedurally defaulted the claim in state court by not presenting it as a federal constitutional claim. Dkt. #21 at 7-8. Second, Lynch's challenge to his sentences involves a matter of state law, which is "not the province of federal habeas review." *Id.* at 8. Petitioner's objection cites A.R.S. § 13-604.01(A) and *State v. Brown*, an Arizona appellate case, to support his claim that due process was violated. Dkt. #22 at 7-8. He further reasons that his "failure to articulate a claim with crystal clarity should not be a barrier to his receiving justice from the court." *Id.* at 8.

As in his first claim for relief, Petitioner failed fairly to present his federal due process claim to the state courts by neglecting to cite any constitutional provision or federal case law. Dkt. #15-21 at 4; *see Fields*, 401 F.3d at 1021; *see also supra* Part III.  In his objection Petitioner continues to rely on state statutes and case law to object to the R&R, which made clear that Petitioner's challenge to his sentence made under state law is not subject to federal habeas review. Dkt. #21 at 8; *see Souch v. Schiavo*, 289 F.3d at 622-23 (9th Cir. 2002) (holding that alleged errors of state courts in applying a state statute could not form the basis for federal habeas relief). The Court accordingly will accept the R&R's conclusion that Petitioner's third claim was not properly presented to the state courts and that this Court lacks jurisdiction in habeas review to address alleged errors of state law application.

**VI.   Fourth Claim for Relief: Ineffective Assistance of Counsel and Self-Representation.**

Petitioner's fourth claim asserts that (a) the trial court should have granted his pretrial motions to substitute counsel based upon an irreconcilable conflict, and (b) the trial court improperly denied his motion, made on the first day of trial, to represent himself. The R&R concluded that the latter claim was not fairly presented to the state court and that neither

claim had merit. Dkt. #21 at 8.

### A.    Sixth Amendment Right to Competent Counsel.

Petitioner's objection repeats the arguments in his petition and traverse, arguments the R&R addressed correctly and completely. Dkt. #22 at 8; Dkt. #21 at 8-10. Petitioner additionally asserts seven new arguments supporting his belief that assistance of counsel was deficient.[1] None of the seven specific arguments were included in the petition or traverse submitted to the magistrate judge, although several were addressed by the state courts in Petitioner's petition for post-conviction relief. Dkt. #15-13 at 23-43; Dkt. #15-15 at 117-122. Because these grounds were not raised in the petition or any of the briefing, the magistrate had no occasion to consider them.

Generally, district courts are not required to address new arguments raised in objections to a magistrate judge's report. *See United States v. Howell*, 231 F.3d 615, 621-22 (9th Cir. 2000). "Although Petitioner is a pro se litigant against whom rules of procedure are not always strictly enforced, the court finds that these new arguments do not raise 'a relatively novel claim under a relatively new statute' warranting consideration of new arguments." *Gerardo v. Scribner*, No. 05 CV 1099 JM (WMc), 2007 WL 628014, at *1 (S.D. Cal. Feb. 13, 2007) (quoting *Brown v. Roe*, 279 F.3d 742, 745 (9th Cir. 2002) (finding that the district court abused its discretion by failing to address *pro se* petitioner's argument raised for the first time in objections to magistrate judge's report when petitioner was "functionally illiterate" and "was making a relatively novel claim under a relatively new statute")). The conventional nature of Petitioner's additional arguments is manifest by his

---

[1] Petitioner's new arguments are that (1) counsel never explained the state proffered plea agreement; (2) counsel filed a motion to withdraw from the case two weeks prior to the state's plea offer; (3) counsel admitted to Petitioner's wife that he was inexperienced in sex offense cases; (4) counsel Jeremy Freeman for the state filed a discovery disclosure list of witnesses and rebuttal witnesses and counsel for Petitioner did not interview or investigate potential witnesses; (5) counsel failed to procure a psychologist for the defense to examine Petitioner and establish his mental health; (6) counsel did not object to sealing of the pre-screen report filed with the court without Petitioner's knowledge; and (7) counsel knew that Petitioner's records indicated that he was in need of psychiatric treatment and that he had been held in a California mental health facility and had attempted suicide. Dkt. #22 at 9-10.

1  inclusion of such arguments in his petition for post-conviction relief to the state court. Dkt.
2  #15-3 at 23-43. Consequently, the Court declines to exercise its discretion to consider
3  arguments that could have been included in Petitioner's petition to the magistrate judge. *See*
4  *Howell*, 231 F.3d at 622 ("The magistrate judge system was designed to alleviate the
5  workload of district courts. To require a district court to consider evidence not previously
6  presented to the magistrate judge would effectively nullify the magistrate judge's
7  consideration of the matter and would not help to relieve the workload of the district court.")
8  (citation omitted); *see also Burke v. Subia*, No. CIV S-06-0459 FCD DAD P, 2007 WL
9  521803, at *1 (E.D. Cal. Feb. 15, 2007). The Court adopts the R&R's conclusion that the
10 trial court properly denied Petitioner's request to appoint new counsel.

### B.   Sixth Amendment Right to Proceed *Pro Se*.

Petitioner claims that his constitutional right to proceed *pro se* was violated when the trial court denied Petitioner's last-minute motion to waive counsel and represent himself. Dkt. #1 at 8. The R&R concluded that (1) Petitioner did not fairly present this argument to the state courts because he failed to assert the claim in his petition for review to the court of appeals, and (2) in any event, the trial court's denial of Petitioner's request did not conflict with clearly established Supreme Court precedent. Dkt. #21 at 10. Petitioner objects to the R&R by stating "Petitioner need only outline a claim to state a ground upon which relief can be granted and he should not be penalized for his lack of legal education or proper specific pleading formalities of lawyers." Dkt. #22 at 11.

As established in Part IV above, generalized statements that merely reiterate arguments already addressed in the R&R and that are devoid of supporting authority are ineffective objections. *See Tindall*, 2006 WL 2361721, at *2. Even if Petitioner's assertion constituted an objection, Petitioner once again has failed by clear and convincing evidence to rebut the presumption that the trial court's ruling was correct. *See* 28 U.S.C. § 2254(e)(1). Petitioner made his request for self-representation on the morning of trial, months after his case had commenced. The trial court found that Petitioner's request was a delay tactic and that Petition was not capable of representing himself. Petitioner provides no evidence to

rebut the presumed correctness of these findings. The Court adopts the R&R's conclusion that Petitioner's self-representation claim was not fairly presented to the state courts and lacks merit.

**IT IS ORDERED**:

1. Magistrate Judge David K. Duncan's R&R (Dkt. #21) is **accepted**.
2. Petitioner Ronnie Lynch's petition for writ of habeas corpus (Dkt. #1) is **denied**.
3. The Clerk of the Court shall **terminate** this action.

DATED this 20th day of March, 2007.

David G. Campbell
United States District Judge